IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02039-CMA-NYW

YOURAS ZIANKOVICH,

    Plaintiff,

v.

BRYON M. LARGE, and
JAMES C. COYLE,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on the Plaintiff Youras Ziankovich's ("Plaintiff" or "Mr. Ziankovich") Second Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued ("Second Motion for TRO") [#14, filed September 14, 2017], which the presiding judge, the Honorable Christine M. Arguello, referred to the undersigned pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 6, 2017 [#8], and the Memorandum dated September 14, 2017 [#15]. Upon careful review of the Second Motion for TRO, the entire case file, and applicable law, this court concludes that there is a jurisdictional bar to both the requested injunctive relief and this action. Defendants filed a Response to the Second Motion for TRO on October 5, 2017 [#19],[1] and this court has determined that it is appropriate to proceed with this Recommendation without further Reply by

---

[1] Because Defendants received notice of the Second Motion for TRO, this court construes it as a motion for preliminary injunction under Rule 65(a), as "the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2951 (3d ed.).

Plaintiff. D.C.COLO.LCivR 7.1(d). Accordingly, I respectfully RECOMMEND that the Motion for TRO be DENIED without prejudice, and that this case be DISMISSED without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

**BACKGROUND**

Plaintiff commenced this action by filing his *pro se*[2] Complaint on August 24, 2017. [#1]. Plaintiff's Complaint stated that this "is an action for declaratory relief commenced pursuant to 28 U.S.C. § 2201 and in accordance with the Rule 57 of the Federal Rules of Civil Procedure." [#1 at 2]. As Defendants, Plaintiff names Bryon M. Large ("Mr. Large") and James C. Coyle ("Mr. Coyle") (collectively, "Defendants"), both of whom are legal counsel within the Colorado Office of Attorney Regulation Counsel. [*Id.*]. The Complaint also alleges that Plaintiff's primary residence and one of his business offices are located in Colorado. [*Id.* at 2–3].

Plaintiff seeks declaratory relief that Defendants had no authority to initiate an attorney disciplinary action against Plaintiff, because Plaintiff is not and has never been licensed in the state of Colorado; does not practice before Colorado state courts and/or agencies; and only practices federal immigration law in the State pursuant to 8 C.F.R. § 292.1(a)(1). [*Id.*]; *see also* [#14-1]. Plaintiff argues that Defendants lack jurisdiction to initiate disciplinary proceedings under the Colorado Supreme Court's attorney regulations, as he only practices in federal court and is subject only to New York's attorney regulations because he is licensed in New York. *See* [#14-1 at 3–6]. Plaintiff contends that the pending disciplinary action, Case No. 17PDJ037, poses an imminent threat of danger and irreparable harm, because he may be required to disclose

---

[2] Though proceeding *pro se*, Plaintiff alleges that he is an attorney licensed to practice law in the state of New York. [#1 at 2]. As such, Plaintiff's pleadings and filings are not entitled to a liberal construction. *See Committee on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007); *Tatten v. Bank of Am. Corp.*, 562 F. App'x 718, 720 (10th Cir. 2014).

2

sensitive client information that may also subject him to discipline in New York, and that any disciplinary sanctions imposed may negatively affect his reputation. [*Id.* at 6–7].

On August 31, 2017, Plaintiff filed his first Motion for TRO seeking to enjoin the disciplinary action pending in state court. [#5]. The undersigned then had the case redrawn to a District Judge pursuant to Local Rule 40.1(c)(2)(a). *See* [#6]. The presiding judge, the Honorable Christine M. Arguello, then referred the first Motion for TRO to the undersigned Magistrate Judge on September 6, 2017. [#9]. However, before addressing the merits of the first Motion for TRO, this court issued an Order to Show Cause directing Plaintiff to clarify the basis for federal subject matter jurisdiction over this action. *See* [#11 at 3].

Plaintiff then filed his Amended Complaint on September 10, 2017, which this court also construed as his Response to the Order to Show Cause. *See* [#12]. The Amended Complaint indicates that Plaintiff invokes this court's federal question jurisdiction under 28 U.S.C. § 1331, and asserts several new claims against Defendants pursuant to 42 U.S.C. § 1983 for violations of his First, Fifth, and Fourteenth Amendment rights, as well as a claim for violations of the Commerce Clause, art. I, § 8, cl. 3 of the United States Constitution. *See* [*id.* at 5–6]. Plaintiff still requests declaratory relief in addition to attorney's fees under 42 U.S.C. § 1988 and 28 U.S.C. § 2412.[3] [*Id.* at 5]. In light of Plaintiff's Amended Complaint, this court issued a Recommendation that Plaintiff's first Motion for TRO be denied as moot [#13], which Judge Arguello adopted on October 5, 2017. [#20]. Plaintiff filed his Second Motion for TRO, which is identical to his first Motion for TRO, on September 14, 2017. [#14].

Defendants entered their appearance on September 7, 2017. *See* [#10]. Pursuant to the executed summonses, Defendants were to file their answer or responsive pleading to Plaintiff's

---

[3] Plaintiff is not be entitled to Equal Access to Justice Act fees because he is not suing the United States, any of its agencies, or any of its officials acting in their official capacity. *See* 28 U.S.C. § 2412(a)(1).

3

Complaint [#1] on or before September 15, 2017. *See* [#4]. On September 25, 2017, Defendants filed a Motion to Dismiss [#18] that has not been referred to this Magistrate Judge for Recommendation. On October 5, 2017, Defendants filed a Response to the Second Motion for TRO. [#19]. While Mr. Ziankovich has not yet replied to the Second Motion for TRO or the Motion to Dismiss, this court's review of the briefing related to the Second Motion for TRO and the Amended Complaint reveals that an expeditious Recommendation advances the guiding principle of the Federal Rules of Civil Procedure—that the Rules be implemented in a manner to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Indeed, courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). This includes a determination that the court should abstain under *Younger* and its progeny. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional.").

"Under the *Younger* abstention doctrine, federal courts should not 'interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—' when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational &*

*Prof'l Licensing of Dep't of Commerce of State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). *Younger* abstention is the exception rather than the rule, as federal courts "have a virtually unflagging obligation to exercise the jurisdiction given them." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (internal ellipsis, quotation marks, and citations omitted). Yet, *Younger* abstention is appropriate if:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks and citation omitted).

If the *Younger* conditions are satisfied, abstention is mandatory absent extraordinary circumstances. *See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003); *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 n.4 (10th Cir. 2009) (noting two exceptions to *Younger* abstention: (1) a showing of bad faith or harassment by state officials, or (2) the state law or regulation is "flagrantly and patently violative of express constitutional prohibitions." (internal quotation marks and citations omitted)). And given its obligation to consider its own subject matter jurisdiction, this court could even raise *Younger* abstention *sua sponte*. *See Morrow v. Winslow*, 94 F.3d 1386, 1390 (10th Cir. 1996); *Sanchez v. Wells Fargo Bank N.A.*, 307 F. App'x 155, 157 (10th Cir. 2009) (unpublished).

**ANALYSIS**

In opposing Mr. Ziankovich's Second Motion for TRO, Defendants assert, *inter alia*, that Mr. Ziankovich fails to establish a substantial likelihood of success on the merits, as his

5

Amended Complaint "seeks to disrupt an ongoing attorney disciplinary proceeding, [which] is jurisdictionally barred by [*Younger*]." [#19 at 4; #18 at 4–8 (arguing for dismissal of Plaintiff's Amended Complaint under *Younger*)].[4] This court respectfully agrees, as all three *Younger* conditions exist. Therefore, abstention is mandatory, and I respectfully RECOMMEND that Plaintiff's Second Motion for TRO be DENIED without prejudice and that this action be DISMISSED without prejudice.

First, Plaintiff's Amended Complaint seeks declaratory relief along the lines that Defendants have no authority to commence state attorney disciplinary proceedings against Plaintiff [#12 at 7], and the Second Motion for TRO seeks to enjoin the proceedings before the Presiding Disciplinary Judge during the pendency of this action [#14-1 at 2, 3, 7]. Plaintiff's answer to the disciplinary complaint was due September 14, 2017. [#14-1 at 6; #14-2 (disciplinary complaint in case number 17PDJ037)]. Accordingly, it is clear that Plaintiff seeks relief from an ongoing state administrative proceeding. *See Varallo v. Colorado Supreme Court*, 48 F.3d 1233 (Table), 1995 WL 105472, at *1 (10th Cir. Mar. 13, 1995) (holding that a Colorado state attorney disciplinary proceeding constitutes an ongoing state administrative proceeding under *Younger*) (relying on *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–37 (1982) (same)).

Second, Plaintiff's Amended Complaint asserts claims pursuant to § 1983 for violations of his Fourteenth Amendment due process rights, First Amendment rights, Fifth Amendment

---

[4] Because this court concludes that this argument necessitates denial of the Second Motion for TRO, as well as Plaintiff's Amended Complaint, it focuses on it. As discussed above, because this court construes the Second Motion for TRO as a motion for preliminary injunction, it does not address Defendants' argument that Plaintiff is not entitled to a TRO because he failed to comply with the procedural requirements of Rule 65(b) of the Federal Rules of Civil Procedure. [#19 at 2–3].

right to be free from self-incrimination,[5] as well as violations of the Commerce Clause. *See* [#12]. However, the Colorado Supreme Court provides an adequate forum for these constitutional challenges. *See Colorado Supreme Court Grievance Comm. v. Dist. Court, City & Cty. of Denver, Colo.*, 850 P.2d 150, 153–54 (Colo. 1993) (en banc) (holding that constitutional challenges to attorney disciplinary rules "fall within the inherent power and exclusive jurisdiction of the Colorado Supreme Court to regulate, govern, and supervise the practice of law."); *People v. Varallo*, 913 P.2d 1, 3–7 (Colo. 1996) (en banc) (considering due process and equal protection challenges to the disciplinary proceeding). Further, the Colorado Rules of Civil Procedure provide a mechanism for appellate review of the disciplinary hearing board's final decision regarding, *inter alia*, public censure, suspension, or disbarment. Colo. R. Civ. P. 251.27; *cf. Rose v. Utah*, 399 F. App'x 430, 435 (10th Cir. 2010) (unpublished) (holding that the Utah state courts provided the plaintiff an adequate forum to allege her constitutional challenges to Utah bar disciplinary proceedings where the plaintiff could appeal a disciplinary ruling to the Utah Supreme Court). Plaintiff offers no explanation to the contrary. *See Landrith v. Hazlett*, 170 F. App'x 29, 31 (10th Cir. 2006) (unpublished) (affirming the district court's abstention under *Younger*; noting, "[t]here is no indication that the [Kansas attorney disciplinary proceedings] did not provide an adequate forum for Mr. Landrith's federal claims").

Third, the attorney disciplinary proceedings involve matters of important state interest. *See Goodpaster v. Supreme Court of Colorado*, 952 F.3d 409 (Table), 1992 WL 7449, at *2 (10th Cir. Jan. 16, 1992) ("There is no dispute that the grievance procedures are within the

---

[5] While the Supreme Court has held that the Fifth Amendment privilege against self-incrimination afforded protection to an accused lawyer in a disciplinary proceeding, *see Spevack v. Klein*, 385 U.S. 511, 514 (1967), the Colorado Supreme Court has interpreted that holding narrowly, i.e., applying only to disclosures that could be used in criminal prosecutions or could lead to such evidence, *see People v. Smith*, 937 P.2d 724, 729 (Colo. 1997) (en banc). Typically, disciplinary hearings are not akin to criminal proceedings, but an accused attorney make invoke the privilege if appropriate under the circumstances. *See Smith*, 937 P.2d at 729.

7

constitutionally prescribed jurisdiction of the Colorado Supreme Court and implicate important state interests."). The Colorado Supreme Court "has exclusive jurisdiction over lawyers and possesses the plenary authority to regulate and supervise the practice of law in Colorado." *Matter of Olsen*, 326 P.3d 1004, 1008 (Colo. 2014); *Varallo*, 913 P.2d at 3 ("The Colorado Supreme Court, as part of its inherent and plenary powers, has exclusive jurisdiction over attorneys and the authority to regulate, govern, and supervise the practice of law in Colorado to protect the public.").

Based on the foregoing, all three conditions of *Younger* abstention are met under the circumstances. Indeed, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") recognizes a "*Middlesex* abstention doctrine," which applies *Younger* in the specific context of state bar disciplinary hearings. *Goodpaster*, 1992 WL 7449, at *3; *Beustring v. Oklahoma Bar Ass'n*, 143 F. App'x 997, 998 (10th Cir. 2005) (unpublished). Further, Plaintiff makes no showing in his Amended Complaint that any exception to *Younger* abstention applies. *Compare Weitzel*, 240 F.3d at 877 ("[I]t is the plaintiff's heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." (internal quotation marks and citation omitted)) *with* [#12 at 4 ("Defendants commenced the said [disciplinary] action without proper authority, in violation of the federal and state law."), 5 (alleging that Defendants refused Plaintiff's request to dismiss the disciplinary action for lack of jurisdiction)]; [#14-1 at 5 (same), 6 (arguing that an injunction of the disciplinary proceedings is warranted to avoid the dangers of immediate and irreparable injury to Plaintiff)].

Based on the record before it, the court concludes that it lacks jurisdiction to consider the merits of Plaintiff's Second Motion for TRO, *see Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (holding that once a federal court determines that it

is without subject matter jurisdiction, it must not proceed to consider any other issue), and respectfully RECOMMENDS that Plaintiff's Second Motion for TRO be DENIED and the Amended Complaint be DISMISSED without prejudice, *see Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 639–40 (10th Cir. 2014) (unpublished) (holding that dismissal under *Younger* is without prejudice).

## CONCLUSION

Therefore, for the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) Plaintiff's Second Motion for TRO [#14] be **DENIED without prejudice**; and

(2) That Plaintiff's Amended Complaint [#12] be **DISMISSED without prejudice**.[6]

DATED: October 5, 2017                                          BY THE COURT:

                                                                s/Nina Y. Wang_____
                                                                United States Magistrate Judge

---

[6] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).