IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02039-CMA-NYW

YOURAS ZIANKOVICH,

    Plaintiff,

v.

BRYON M. LARGE, and
JAMES C. COYLE,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM THE FINAL JUDGMENT AND FOR RECONSIDERATION OF THE FINAL JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Relief from the Final Judgment and for Reconsideration of the Final Judgment. (Doc. # 25.) Because Plaintiff does not establish exception circumstances that warrant vacating the Court's Order and Final Judgment (Doc. ## 23, 24) pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff's Motion for Relief and Reconsideration is denied.

## I.   BACKGROUND

The Court's previous Order Affirming and Adopting the October 5, 2017 Recommendation of United States Magistrate Judge Nina Y. Wang (Doc. # 23) and the underlying Recommendation (Doc. # 21) provide detailed recitations of the factual and procedural background of this dispute and are incorporated herein by reference. *See*

28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Accordingly, this Order will reiterate only what is necessary to address Plaintiff's Motion for Relief and Reconsideration.

On October 31, 2017, the Court issued its Order Affirming and Adopting the October 5, 2017 Recommendation of Magistrate Judge Nina Y. Wang and ordered that Plaintiff's Amended Complaint (Doc. # 12) was dismissed without prejudice.  (Doc. # 23 at 10.)  The Court concluded that it did not have subject matter jurisdiction pursuant to the *Younger* abstention doctrine.  (*Id.* at 6–9.)  Accordingly, the Court was required to dismiss Plaintiff's case against Defendants.  (*Id.* at 9.)  The Court's Order terminated the case, and the Clerk of the Court entered Final Judgment against Plaintiff.[1]  (Doc. # 24.)

Again proceeding pro se, Plaintiff filed the instant Motion for Relief and Reconsideration pursuant Federal Rule of Civil Procedure 60(b) on November 3, 2017.  (Doc. # 25.)  Plaintiff briefly asserts that relief is warranted because the Court "missed the fact that there are federal statutes, which make applicability of [*Sperry v. State of Fla. Ex rel. Fla. Bar*, 373 U.S. 379 (1963)] binding for this matter."  (*Id.* at 4.)  Defendants timely responded on November 22, 2017 and argue that Plaintiff's Motion for Relief and Reconsideration is "defective on both procedural and substantive grounds, requiring denial."  (Doc. # 27.)  Plaintiff replied on November 22, 2017, briefly clarifying his argument in light of Defendants' response brief.  (Doc. # 28.)

---

[1] The Court also denied Plaintiff's section Motion for TRO (Doc. # 14), dismissed without prejudice Plaintiff's Amended Complaint (Doc. # 12), and denied as moot Defendants' Motion to Dismiss (Doc. # 18).  (Doc. # 23 at 10.)

## II. LEGAL STANDARD FOR RULE 60(B) RELIEF

Plaintiff moves for relief from the Court's Order pursuant to Rule 60(b).[2] (Doc. # 25 at 1.) Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment. *Van Skiver*, 952 F.2d at 1243–44. These six grounds are:

> (1) **mistake**, **inadvertence**, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added).

## III. DISCUSSION

Plaintiff argues that the "exceptional circumstance" warranting relief pursuant to Rule 60(b) is that the Court made a legal error in its Order: "this Court missed the fact

---

[2] Plaintiff also titles his Motion a motion for reconsideration. (Doc. # 25 at 1.) The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Because Plaintiff does not reference Rule 59(e) and states repeatedly that his Motion is "pursuant to Rule 60(b)" (Doc. ## 25, 28), the Court analyzes Plaintiff's Motion within the analytical framework of Rule 60(b).

3

that there are federal statutes, which make applicability of *Sperry* binding for this matter, as well as the fact that Plaintiff properly cited those statutes previously." (Doc. # 28 at 4.)  For the reasons described below, the Court disagrees.  It did not err in its determination that *Sperry* does not apply to Plaintiff's claims.  *See* (Doc. # 23 at 9–10.)

**A.     *SPERRY V. STATE OF FLA. EX REL. FLA. BAR***

As the Court explained in its Order, *see* (Doc. # 23 at 9–10), *Sperry v. State of Fla. Ex rel. Fla. Bar* was filed by a petitioner "registered to practice before the United States Patent Office" but "not . . . admitted to practice law before the Florida or any other bar."  373 U.S. at 381.  The petitioner claimed that his work in Florida was exclusively before the Patent Office, but the Supreme Court of Florida nonetheless permanently enjoined the petitioner from practicing any law "until and unless he became a member of the State Bar."  *Id.*  The petitioner sought certiorari only with regard to his ability to practice patent law before the Patent Office in Florida, contending that such practice was authorized by his federal license to practice before the Patent Office.  *Id.* at 382.

The Supreme Court agreed with the petitioner and explained that the state could not enjoin a nonlawyer registered to practice before the United States Patent Office from practicing exclusively patent law in Florida because federal statutes and Patent Office regulations authorize practice before the Patent Office by nonlawyers.  373 U.S. at 385 (citing 35 U.S.C. §§ 2(b)(2)(D), 31–33 (1963); 37 C.F.R. §§ 1.31, 1.341 (1963)).  The Supreme Court held:

> A State may not enforce licensing requirements which, though valid in the absence of federal regulation, give the State's licensing board a virtual power of

4

> review over the federal determination that a person or agency is qualified and entitled to perform certain functions, or which impose upon the performance of activity sanctioned by federal license additional conditions not contemplated by Congress.

*Id*. (internal quotations omitted).

**B.    APPLICATION**

Relevant here, Magistrate Judge Wang explained in her Recommendation that the third condition of the *Younger* abstention doctrine is satisfied in Plaintiff's case because "attorney disciplinary proceedings involve matters of important state interest." (Doc. # 21 at 7–8.)  Magistrate Judge Wang also determined that the first and second conditions were satisfied.[3] (*Id.* at 6–7.)  "Because . . . all three conditions of *Younger* abstention are met under the circumstances," she concluded, the Court "lacks jurisdiction to consider the merits" of Plaintiff's motion. (*Id.* at 8.)

In his Objection to Magistrate Judge Wang's Recommendation, Plaintiff disagreed with Magistrate Judge Wang's determination that *Younger* abstention is necessary in his case. (Doc. # 22 at 3–4.)  Plaintiff focused on the third factor of the *Younger* abstention doctrine: that the state proceedings involved important state interests. (Id.); *see Amanatullah v. Colo. Bd. Of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)). Plaintiff noted that "[a]rguments of the strong public interest to regulate attorneys has

---

[3] *Younger* abstention is mandatory when: (1) there is an ongoing state judicial proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, "matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colo. Bd. Of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

been raised by many states, starting from Florida in *Sperry v. Florida*." (Doc. # 22 at 3.) Plaintiff then asserted that in *Sperry*, the Supreme Court rejected Florida's state-interest argument and limited the *Younger* abstention doctrine. (*Id.*) He characterized *Sperry* as a case in which a federal court "decided that practice before the federal courts and federal agencies is not regulated by the state, including discipline proceedings." (*Id.* at 4) (citing *Sperry*, 373 U.S. at 432–33; *In re Desilets*, 291 F.3d 925, 928 (6th Cir. 2002) (quoting *In re Poole*, 222 F.3d 618, 620 (9th Cir. 2000))). Therefore, Plaintiff apparently reasoned that Magistrate Judge Wang erred by deciding that the *Younger* abstention deprived the Court of its subject matter jurisdiction. *See generally* (*id.*)

The Court agreed with Magistrate Judge Wang's analysis. (Doc. # 23.) After observing that *Sperry* turned on the presence of federal statutes and Patent Office regulations explicitly authorizing nonlawyers to practice before the Patent Office, it described Plaintiff's reliance on *Sperry* as inapposite. (*Id.* at 9–10.) The Court stated that "Plaintiff [did] not cite, nor [was] the Court aware of, any federal statutes or [Executive Office of Immigration Review] or [Department of Homeland Security] regulations similar to those at issue in *Sperry*." (*Id.* at 10.) The Court concluded that Plaintiff's argument about *Sperry* was unconvincing. (*Id.*)

In Plaintiff's instant Motion for Relief and Reconsideration, Plaintiff rejects this analysis in the Court's Order. (Doc. ## 25, 28.) Plaintiff repeats arguments he made in his Objection to the Recommendation (Doc. # 22) as to the first and second *Younger* requirements, *see* (Doc. # 25 at 3), but focuses on the Court's analysis of the third requirement, *see* (*id.* at 4). Plaintiff argues that "there are federal statutes . . . which

6

make applicability of *Sperry* binding for this matter," citing only one regulation: 8 C.F.R. § 292.1(a)(1). (Doc. # 28 at 3–4.) He asserts his practice in Colorado is "based solely" on this regulation, which he characterizes as being "a federal statute not only authorizing [his] practice . . . but also [one that] includes applicable ethical standards and discipline procedures." (*Id.* at 3); *see also* (Doc. # 25 at 4.) To the best of the Court's understanding, Plaintiff's argument is that "due to presence of federal regulations," the "State of Colorado has no important interests," precluding application of the *Younger* abstention doctrine. (Doc. # 25 at 4.)

The Court is not persuaded that its previous Order (Doc. # 23) contained a "mistake." *See* Fed. R. Civ. P. 20(b)(1). Putting aside Plaintiff's apparent confusion about the difference between a statute and a regulation, the sole regulation that Plaintiff cites is inapposite. 8 C.F.R. § 292.1(a)(1) is an immigration regulation from the Department of Homeland Security which provides that "[a] person entitled to representation may be represented by . . . [a]ttorneys in the United States. Any attorney as defined in [8 C.F.R. § 1.2]."[4] "Attorney" is in turn defined in 8 C.F.R. § 1.2 as "any person who is eligible to practice law in, and is **a member in good standing of the bar of, the highest court of any State** . . . of the United States, . . . and is not under any order suspending, enjoining, restraining, disbarring, or otherwise restricting him or her in the practice of law." (Emphasis added.) This regulation, unlike the ones in *Sperry* (37 C.F.R. §§ 1.31, 1.341 (1963)), therefore expressly contemplates state regulation of

---

[4] The regulation also provides that a person entitled to representation may be represented by law students and law graduates not yet admitted to the bar; "[r]eputable individuals"; "[a]ccredited representatives"; "[a]ccredited officials"; or attorneys outside the United States. 8 C.F.R. §§ 292.1(a)(2)–(6).

attorneys practicing immigration law in federal courts. By its own terms, the regulation implies that states have "important state interests" in regulating such attorneys. *See Amanatullah*, 187 F.3d at 1163. The Court therefore concludes that the third requirement, in addition to the first and second requirements, of the *Younger* abstention doctrine is satisfied. As the Court previously determined, see (Doc. # 23 at 9), *Younger* abstention is mandatory. The Court does not have subject matter jurisdiction over Plaintiff's claims.

Accordingly, the Court concludes that relief from its previous Order (Doc. # 23) is not warranted pursuant to Rule 60(b)(1). Plaintiff has not identified any mistake or inadvertence requiring relief.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from the Final Judgment and for Reconsideration of the Final Judgment (Doc. # 25) is DENIED.

DATED: December 11, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge