**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-02039-CMA-NYW

YOURAS ZIANKOVICH,

      Plaintiff,

v.

BRYON M. LARGE, and
JESSICA E. YATES,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE AND DENYING AS MOOT PLAINTIFF'S FOURTH
MOTION FOR PRELIMINARY INJUNCTION**

---

      This matter is before the Court on the Recommendation by United States

Magistrate Judge Nina Y. Wang that Defendants Byron M. Large and Jessica E. Yate's

Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Doc. # 52) be converted into a Motion

for Summary Judgment (Doc. # 62) and granted against Plaintiff Youras Ziankovich.

(Doc. # 69.) Based on this Court's extensive examination of the pleadings,

supplemental filings, and applicable legal authority, the Court affirms and adopts the

Recommendation and dismisses Plaintiff's case with prejudice.

## I.   BACKGROUND AND PROCEDURAL HISTORY

      The Magistrate Judge's Recommendation (Doc. # 69) and this Court's Order

Affirming and Adopting the October 5, 2017 Recommendation of United States

Magistrate Judge (Doc. # 23) provided a thorough recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's objections.

The following facts are undisputed. Plaintiff maintained legal offices in New York and Colorado. (Doc. # 12.) He held a law license from New York State and has never been admitted as an attorney in Colorado. (*Id.*; Doc. # 70 at 4, ¶ 3.) Plaintiff practiced immigration law in Colorado before the U.S. District Court for the District of Colorado, the Executive Office of Immigration Review, and the Department of Homeland Security. (Doc. # 70 at 4, ¶ 2.)

Defendant Jessica E. Yates[1] is Colorado's Attorney Regulation Counsel and was appointed by the Colorado Supreme Court to regulate the practice of law in Colorado. (Doc. ## 18, 56–57.) Defendant Byron M. Large is an attorney for Colorado's Office of Attorney Regulation Counsel ("OARC"). (*Id.*) As Attorney Regulation Counsel, Defendants are responsible for maintaining and supervising Colorado's OARC. (*Id.*) OARC conducts investigations and prosecutes disciplinary actions against attorneys who have allegedly violated the Colorado Rules of Professional Conduct. Colo. R. Civ. P. 251.3(c)(3)–(c)(4), 251.10. OARC's regulatory jurisdiction includes attorneys licensed to practice in Colorado, as well as attorneys licensed by other states who practice before federal courts and regulatory agencies in Colorado. Colo. R. Civ. P. 8.5(a). An

---

[1] When Plaintiff initiated this action, James C. Coyle was Office of Attorney Regulation Counsel. On July 1, 2018, Defendant Jessica E. Yates became Colorado's Attorney Regulation Counsel and was automatically substituted as a Defendant in this action for Mr. Coyle. (Doc. ## 56, 57.)

impartial hearing board ("Hearing Board"), which includes the Colorado Supreme Court's presiding disciplinary judge ("PDJ"), presides over OARC's cases. Colo. R. Civ. P. 251.16–18. The Hearing Board's disciplinary decisions may be appealed to the Colorado Supreme Court. Colo. R. Civ. P. 251.27(a).

## A. STATE DISCIPLINARY ACTION

This dispute arises out of OARC's attorney discipline action against Plaintiff, Case No. 17PDJJ037 ("State Disciplinary Action").[2] *See* (Doc. # 14, Doc. # 64-4 at 1–13.) On June 1, 2017, Plaintiff filed with the PDJ a motion to dismiss the State Disciplinary Action on the grounds that OARC lacked jurisdiction to investigate and sanction attorneys with law licenses from other states and with practices limited to federal court matters. (Doc. # 14-3; Doc. # 48 at ¶ 12.) After the parties briefed that issue, *see* (Doc. # 14-4), the PDJ denied Plaintiff's motion to dismiss on July 13, 2017 (Doc. # 14-5). Therein, the PDJ concluded that the Office of the Presiding Disciplinary Judge of the Colorado Supreme Court had jurisdiction over Plaintiff and could adjudicate the OARC claims brought against him. (*Id.*) The Colorado Supreme Court declined to hear Plaintiff's interlocutory appeal. (Doc. # 14-8.) The State Disciplinary Action proceeded against Plaintiff. (Doc. # 14-9.)

On March 5, 2018, Defendants moved for summary judgment on all eight claims asserted against Plaintiff (Doc. # 52-1 at 1), and the PDJ granted in part that motion for

---

[2] OARC alleged therein that Plaintiff practiced law in Colorado as "Rocky Mountains Immigration Lawyers, Inc." and engaged in dishonesty, fraud, deceit, or misrepresentation. (Doc. # 14-2.) OARC also alleged that Plaintiff had failed to separate client funds from his personal accounts, had charged unreasonable and nonrefundable fees, and had failed to adequately communicate with clients, all in violation of Colorado's Rules of Professional Conduct. (*Id.*)

summary judgment, entering judgment in Defendants' favor on six claims (*id.* at 13). The PDJ set the remaining two claims for a two-day disciplinary hearing. (*Id.*)

On March 28, 2018, Plaintiff filed his Hearing Brief with the OARC before his hearing commenced. (Doc. # 52-5.) In his brief, Plaintiff asserted the following defenses that are pertinent to the instant Recommendation:

> 1) lack of subject matter jurisdiction;

> 4) violation of Plaintiff's right for due process;

> 14) Discipline action in any form violates [Plaintiff's] right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Colorado, violates the Interstate Commerce Clause of the United States Constitution, violates the [Plaintiff's] rights under the First Amendment to the United States Constitution and the Constitution of the State of Colorado, violates the [Plaintiff's] rights under the Fifth Amendment to the United States Constitution and the Constitution of the State of Colorado, was commenced in violation of the 42 U.S.C. § 1983, is beyond of this Court and the State of Colorado authority, and therefore fails to state a cause of action upon which disciplinary action, suspension, or disbarment may be granted[.]

(*Id.* at 5–6.)

On April 10 and 11, 2018, Plaintiff and Defendants participated in a disciplinary hearing (the "Hearing") before the Hearing Board, which consisted of the PDJ, an attorney, and a lay member. (Doc. # 52-2 at 3.) At the beginning of the Hearing, Defendants withdrew one of the two remaining claims, and Plaintiff moved to dismiss the case for lack of jurisdiction while alleging that he did not receive requisite written notice of the hearing. (*Id.*) The Hearing Board denied Plaintiff's motion to dismiss after Plaintiff confirmed he had participated in setting the hearing and received the PDJ's Scheduling Order. (*Id.*) Throughout the Hearing, the Hearing Board considered

stipulated exhibits, Plaintiff's proffered exhibit, and the testimony provided by Plaintiff, Plaintiff's former clients, and expert witness Lisa Green. (*Id.* at 3, 6–8.)

On May 31, 2018, the Hearing Board issued its Opinion and Decision Imposing Sanctions under Colo. R. Civ. P. 251.19(b) (Doc. # 52-2 at 1) to which Plaintiff filed a Colo. R. Civ. P. 59 Post-Trial Motion (Doc. # 52-6). In Plaintiff's Post-Trial Motion, he raised previously asserted defenses, including his steadfast objection to the OARC's jurisdiction over him. (*Id.*) The Hearing Board denied Plaintiff's Post-Trial Motion as to his substantive challenges but granted Plaintiff's request to strike two sentences. (Doc. # 52-7.) On June 20, 2018, the Hearing Board issued an Amended Opinion and Decision ("Amended Opinion"). (Doc. # 52-2 at 1 n.1); *People v. Ziankovich*, 433 P.3d 640 (Colo. O.P.D.J. 2018).

The underlying substantive analysis of the Hearing Board's initial opinion was unchanged in its Amended Opinion. (Doc. # 52-2 at 1.) The Hearing Board determined that Plaintiff was guilty of violating several Colorado Rules of Professional Conduct and suspended him from practicing law in Colorado for one year and one day, with three months to be served, and the remainder stayed upon the successful completion of a two-year probation period, subject to certain conditions. (*Id.* at 21–23.) The Hearing Board rejected Plaintiff's defenses, including his challenge to jurisdiction and argument that the disciplinary action violated the Commerce Clause and his due process, constitutional, and statutory rights. (*Id.* at 12–15.)

On July 9, 2018, Plaintiff appealed the Hearing Board's decision to the Colorado Supreme Court (Doc. # 52-4 at 16), and, on October 28, 2018, Plaintiff filed his Opening

Brief (*id.* at 1). In his Opening Brief, Plaintiff raised his previously asserted objection to the OARC's jurisdiction to discipline him and that such disciplinary action constituted a violation of due process of law. (*Id.* at 9.) On February 1, 2019, the Colorado Supreme Court issued an Order and Mandate affirming the Hearing Board's Amended Opinion. (Doc. # 52-3.)[3]

## B.    FEDERAL ACTION

After Defendants initiated the State Disciplinary Action against Plaintiff, Plaintiff commenced this federal action *pro se* on August 24, 2017 ("Federal Action"). (Doc. # 1.) Plaintiff sought declaratory judgment that Defendants did not have jurisdiction to initiate the State Disciplinary Action against him because he has never been licensed to practice law by Colorado and does not practice before Colorado state courts or agencies, rather, he practices federal immigration law in the federal courts in Colorado. (*Id.*); *see also* (Doc. # 14-1.)

On August 31, 2017, Plaintiff filed his first Motion for TRO. (Doc. # 5.) The Court referred the motion to Magistrate Judge Wang on September 6, 2017. (Doc. # 9.) Magistrate Judge Wang issued an Order to Show Cause, directing Plaintiff to explain why his case should not be dismissed for lack of subject matter jurisdiction. (Doc. # 11.) Plaintiff then filed his first Amended Complaint on September 10, 2017, which Magistrate Judge Wang understood to be his Response to the Order to Show Cause. *See* (Doc. # 12.) The Amended Complaint suggests that Plaintiff invokes the Court's

---

[3] Plaintiff appealed the Colorado Supreme Court's decision and filed a Writ for Certiorari Review with the United States Supreme Court on April 30, 2019. *Ziankovich v. State of Colo.*, No. 18-1537, 2019 WL 2511775, On Petition for Writ of Certiorari (Apr. 30, 2019).

federal question jurisdiction under 28 U.S.C. § 1331, and that Plaintiff asserts claims against Defendants pursuant to 42 U.S.C. § 1983 for violations of his First, Fifth, and Fourteenth Amendment rights, as well as a claim for violations of the Commerce Clause. (*Id.*) Plaintiff seeks declaratory relief and attorney fees. (*Id.*) Magistrate Judge Wang recommended that Plaintiff's first Motion for TRO be denied as moot in light of Plaintiff's Amended Complaint and discharged the Order to Show Cause on September 12, 2017. (Doc. # 13.) This Court affirmed and adopted that recommendation on October 5, 2017. (Doc. # 20.)

Plaintiff filed a second Motion for TRO, which is identical to his first motion, on September 14, 2017. (Doc. # 14.) The Court referred the motion to Magistrate Judge Wang. (Doc. # 15.) While that second Motion for TRO was pending, Defendants moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on September 25, 2017. (Doc. # 18.) Defendants argued that the Court should dismiss the case under Rule 12(b)(1) for lack of subject matter jurisdiction because the requirements of the *Younger* abstention doctrine were satisfied. (*Id.*) Plaintiff did not timely respond to Defendant's motion to dismiss. Defendants responded to Plaintiff's second Motion for TRO on October 5, 2017. (Doc. # 19.) On October 5, 2017, Magistrate Judge Wang recommended that Plaintiff's second Motion for TRO (Doc. # 14) be denied without prejudice and that Plaintiff's Amended Complaint (Doc. # 12) be dismissed without prejudice pursuant to abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. # 21.) On October 21, 2017, the Court adopted and affirmed that recommendation and dismissed Plaintiff's action without prejudice. (Doc. # 23.)

On January 8, 2018, Plaintiff appealed the Court's dismissal to the United States Court of Appeals for the Tenth Circuit. (Doc. # 30.) On December 26, 2018, the Tenth Circuit reversed and remanded the Court's dismissal of Plaintiff's Amended Complaint given that the State Disciplinary Action had concluded. (Doc. # 36.) The Tenth Circuit issued its mandate on January 23, 2019. (Doc. # 49.) On that same day, Plaintiff filed his fourth[4] Motion for TRO (Doc. # 48), which the Magistrate Judge recommended be denied. (Doc. # 59.)

On February 6, 2019, Defendants filed their Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). (Doc. # 52.) In their Motion to Dismiss, Defendants asserted three arguments. First, Defendants argued that, as a matter of law, the OARC and PDJ had the authority to discipline Plaintiff for his provision of legal services to Colorado residents. (*Id.* at 5–9.) Next, Defendants averred that Plaintiff failed to state plausible claims for all five[5] counts. (*Id.* at 9–13.) Finally, Defendants contended that doctrines of issue and claim preclusion barred Plaintiff's Federal Action. (*Id.* at 13–15.) On February 9, 2019, Plaintiff responded to Defendants' Motion to Dismiss. (Doc. # 54.) Defendants replied to the Response on February 22, 2019. (Doc. # 58.)

The Court referred Defendants' Motion to Dismiss to Magistrate Judge Wang on February 7, 2019. (Doc. # 53.) Because the parties presented matters outside the

---

[4] After the Tenth Circuit issued its Order, but before it issued its mandate, Plaintiff filed his third Motion for TRO (Doc. # 38). However, the Court issued an order striking Plaintiff's third Motion for TRO because jurisdiction remained with the Tenth Circuit Court of Appeals until the Tenth Circuit issued its mandate to the Court. (Doc. # 47.)

[5] The Court notes that Plaintiff asserted five claims notwithstanding the fact that he labeled two of his claims as "Count Four." (Doc. # 12 at ¶¶ 19–21.)

pleadings (Doc. # 69 at 1), on April 24, 2019, pursuant to Rule 12(d), Magistrate Judge Wang issued a minute order providing notice that she intended to convert Defendants' Motion to Dismiss into a Motion for Summary Judgment under Rule 56 (Doc. # 62). As a result, Plaintiff supplemented the record in opposition to the Motion for Summary Judgment on May 7, 2019 (Doc. # 63) and May 8, 2019 (Doc. # 65), and Defendants supplemented the record in support of their Motion on May 8, 2019 (Doc. # 64).[6]

## C.    THE MAGISTRATE JUDGE'S RECOMMENDATION

Magistrate Judge Wang issued her Recommendation that the Court should dismiss Plaintiff's Complaint with prejudice on May 31, 2019. (Doc. # 69.) Based on the undisputed material facts, the Magistrate Judge determined that the PDJ and OARC had jurisdiction and the authority to discipline Plaintiff for his provision of legal services to Colorado residents. (*Id.* at 11–16.) Next, Magistrate Judge Wang concluded that Plaintiff failed to proffer competent evidence that would establish any of his claims under applicable law. (*Id.* at 16–32.) Finally, as discussed in greater detail below, the Magistrate Judge decided that issue preclusion applied and barred Plaintiff's Federal Action. (*Id.* at 33–36.)

On June 3, 2019, Plaintiff filed his Objection to the Recommendation. (Doc. # 70.) Defendants responded to Plaintiff's Objection on July 1, 2019. (Doc. # 75.) For the following reasons, the Court adopts the Recommendation as to the Magistrate Judge's

---

[6] On May 9, 2019, Defendants filed a Notice of Corrected Exhibit to comply with redaction requirements of Rule 5.2(a). (Doc. # 67.)

conclusion regarding issue preclusion and holds that the Hearing Board's Amended

Opinion, as affirmed by the Colorado Supreme Court, bars Plaintiff's Federal Action.

## II.      <u>LEGAL STANDARDS</u>

### A.      REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Rule

72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate

judge's [recommended] disposition that has been properly objected to." An objection is

properly made if it is both timely and specific. *United States v. One Parcel of Real

Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In

conducting its review, "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

However, where a party has not properly objected, such failure "will bar *de novo*

review by the district judge of the magistrate judge's proposed findings and

recommendations and will result in a waiver of the right to appeal from a judgment of

the district court based on the proposed findings and recommendations of the

magistrate judge." *Raccoon Recovery, LLC v. Navoi Mining & Metallurgical Kombinat*,

244 F. Supp. 2d 1130, 1144 (D. Colo. 2002). An objection that is "sufficiently specific to

focus the district court's attention on the factual and legal issues that are truly in dispute

will advance the policies behind the Magistrate's Act that led [the Tenth Circuit] to adopt

a waiver rule in the first instance." *One Parcel*, 73 F.3d at 1060. "In the absence of a

timely and specific objection, 'the district court may review a magistrate . . . [judge's]

report under any standard it deems appropriate.'" *Concilio v. Cigna Health and Life Ins. Co.*, No. 16-cv-1863-WJM-MJW, 2018 WL 3545306, *6 n.1 (D. Colo. July 24, 2018) (quoting *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

## B. *PRO SE* PLAINTIFF

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does pro se status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## C. SUMMARY JUDGMENT

### 1. Conversion to Summary Judgment

In the Recommendation, Magistrate Judge Wang advised that the Court should convert Defendants' Motion to Dismiss (Doc. # 52) to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d). (Doc. # 69 at 4–5.) Rule 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). The Court agrees with the Magistrate Judge that Defendants' Motion to Dismiss should be converted to a Motion for Summary Judgment and is satisfied that, pursuant to Rule 12(d), the parties had adequate notice of the conversion and supplemented the record accordingly. Thus, where appropriate, the Court will review the Recommendation under Rule 56 rather than Rule 12(b)(6).

2.  <u>Summary Judgment Standard</u>

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party—in the matter presently before the Court, in the light most favorable to Plaintiff. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In

attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id*. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Put differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.    DISCUSSION

**A.    ISSUE PRECLUSION**

The Court first addresses the doctrine of issue preclusion because resolution of whether the State Disciplinary Action bars Plaintiff's Federal Action will impact the necessity of ruling on Defendants' other arguments.

The Constitution's Full Faith and Credit Clause provides:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general

> Laws prescribe the manner in which such Acts, Records and Proceedings shall be proved, and the Effects thereof.

U.S. Const., Art. IV, § 1. The Full Faith and Credit Clause "is implemented by the Federal Full Faith and Credit Statute, 28 U.S.C. § 1378[,]" which provides that:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

Federal courts must give to a state court judgment the preclusive effect that would be given under the law of the state in which the state court judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Moreover, pursuant to 28 U.S.C. § 1378, the United States Supreme Court observed that Congress "specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgements emerged would do so . . . ." *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

As such, federal courts must give full faith and credit to state court judgments, 28 U.S.C. § 1738; *Pittsburgh Cty. v. City of McAlester*, 346 F.3d 1260, 1276 (10th Cir. 2003), which may include administrative actions. *Terrones v. Allen*, 680 F. Supp. 1483, 1486 (D. Colo. 1988). Federal courts grant preclusive effect to a state court judgment under the preclusion doctrines of the state where the agency sits. *Salguero v. City of Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004). "Thus when a state agency (1) acts in 'a judicial capacity'; (2) resolves 'disputed issues of fact properly before it'; and (3) the parties have had 'an adequate opportunity to litigate' the issue, [federal courts] will grant

the state agency's preclusive effect to the extent that it would have received preclusive effect in state court." *Id.* (quoting *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 798 (1986)).

Under Colorado law, issue preclusion applies when (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the previous proceeding; (2) the party against whom estoppel is sought was a party to and was in privity with a party to the previous proceeding; (3) there was a final judgment on the merits in the previous proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the previous proceeding. *Kadingo v. Johnson*, 304 F. Supp. 3d 1003, 1015 (D. Colo. 2017) (citing *In re Water Rights of Elk Dance Colo., LLC*, 139 P.3d 660, 667 (Colo. 2006)). "Issue preclusion, also known as collateral estoppel, presents a question of law[.]" *Bristol Bay Prods., LLC v. Lampack*, 2013 CO 60, ¶ 17, 312 P.3d 1155, 1159 (Colo. 2013).

Thus, the Court first must determine whether the State Disciplinary Action satisfies the *Elliot* requirements and **may** have preclusive effect. If the first question is resolved in the affirmative, the Court next must turn to Colorado law regarding issue preclusion to determine whether the State Disciplinary Action **has** preclusive effect. *Id.* The Court considers each step in turn.

1.    Whether the State Disciplinary Action May Have Preclusive Effect

"Applying principles of collateral estoppel, or issue preclusion, to decisions of state administrative bodies serves to promote federalism, conserve judicial resources, and encourage parties to minimize the expense and burden of repetitive litigation." *Salguero*, 366 F.3d at 1173 (citing *Elliot*, 478 U.S. at 798). "[W]hen a state agency (1)

15

acts in 'a judicial capacity'; (2) resolves 'disputed issues of fact properly before it'; and (3) the parties have had 'an adequate opportunity to litigate' the issue, [federal courts] will grant the state agency's preclusive effect to the extent that it would have received preclusive effect in state court." *Id.* (quoting *Elliott*, 478 U.S. at 798).

The Court finds that the State Disciplinary Action meets the *Elliot* factors:

1.      The PDJ and Hearing Board, as authorized by the Colorado Rules of Civil Procedure ("Colorado Rules"), acted in a judicial capacity. Colorado Rule 251.16(c)(4) provides that the PDJ "shall be authorized and empowered to act in accordance with these [Colorado] Rules [of Civil Procedure] . . . to . . . [i]mpose discipline on an attorney or transfer an attorney . . . .." Colo. R. Civ. P. 251.16(c)(4). Further, Colorado Rules 251.17 through 251.19 furnish procedures that govern the Hearing Board's ability to adjudicate whether attorneys should be disciplined, which is a decision that may be appealed to the Colorado Supreme Court. Colo. R. Civ. P.  251.27(a).

2.      As authorized by Colorado Rule 251.19(a) and demonstrated in the Amended Opinion, the Hearing Board received evidence and made several findings of fact pertinent to whether Plaintiff violated the Colorado Rules of Professional Conduct. (Doc. # 52-2 at 3–8.)

3.      The parties had an adequate opportunity to litigate the issues before the Hearing Board.[7] Given Plaintiff's participation in pretrial briefing (Doc. # 14-3), hearing

---

[7] Colorado Rule 251.18 sets forth a comprehensive mechanism of rules and procedures that provided the parties with an adequate opportunity to litigate the issues now raised in the Federal Action. In addition to incorporating the Colorado Rules of Civil Procedure and Colorado Rules of Evidence for proceedings commenced under Colorado Rule 251.14, Colorado Rule 251.18 provides specific procedures governing pre-hearing discovery and the procurement of evidence during the hearing. Colo. R. Civ. P. 251.18(f). In

briefing (Doc. # 52-5), the two-day disciplinary hearing (Doc. # 52-2), post-trial briefing (Doc. # 52-7), and his appeal before the Colorado Supreme Court (Doc. ## 52-4, 64-3), the Court is satisfied that Plaintiff had an adequate opportunity to litigate the issues throughout the State Disciplinary Action.

  2. <u>Whether the State Disciplinary Action Bars Plaintiff's Federal Action</u>

   *a. Defendants' Issue Preclusion Argument*

  In Defendants' Motion to Dismiss, Defendants assert that the Amended Opinion, as affirmed by the Colorado Supreme Court, precludes Plaintiff's Federal Action because the issues raised in the Federal Action are identical to those actually litigated and adjudicated in the State Disciplinary Action, both actions involved the same parties, a final judgment on the merits was reached, and Plaintiff had a full and fair opportunity to litigate these issues in the State Disciplinary Action. (Doc. # 52 at 14–15). In his Response to the Motion to Dismiss, Plaintiff contends that the Hearing Board did not decide several issues pertinent to whether the OARC had jurisdiction to commence its action against Plaintiff in the first place. (Doc. # 54 at ¶ 28.) Defendants replied that Plaintiff's primary problem with the Hearing Board's decision is that it was incorrect—not that it failed to meet the elements of issue preclusion. (Doc. # 58 at 4–5.)

  Magistrate Judge Wang concluded that issue preclusion bars Plaintiff's Federal Action. (Doc. # 69 at 33–35.) The Magistrate Judge first observed that the second and third elements of issue preclusion were indisputably met because Plaintiff was a party to

---

fact, these rules contemplate depositions, expert discovery, written discovery, pretrial motions, and the proffering of evidence at the hearing.

the State Disciplinary Action, which resulted in a final judgment on the merits. (Doc. # 69 at 34.) Next, she concluded that Plaintiff "had a full and fair opportunity to litigate the issues in the [State Disciplinary Action]" due to his substantial participation in pleadings, hearing, post-trial briefing, and the Colorado Supreme Court appeal that ensued after the Amended Opinion was issued. (*Id.* at 34.) Finally, she determined that the issues set forth in Plaintiff's Amended Complaint were identical to issues "actually litigated and necessarily adjudicated" in the State Disciplinary Action because the Hearing Board determined that the PDJ and OARC had jurisdiction to discipline Plaintiff and that the disciplinary action did not violate the Commerce Clause or Plaintiff's due process, constitutional, and statutory rights. (*Id.* at 35–36.) As such, Magistrate Judge Wang recommends dismissal of Plaintiff's Amended Complaint with prejudice.

In Plaintiff's Objection to the Recommendation, he asserts that he is "not looking for the review of the state court ruling[;]" rather, he looks to "constitutional[ly] challenge" and invalidate "the state court ruling due to numerous constitutional violations…." (Doc. # 70 at 24.) Moreover, Plaintiff argues that Magistrate Judge Wang's refusal to review the Amended Opinion does not comport with Plaintiff's ability to raise a challenge of subject matter jurisdiction at any time in the same civil action. (*Id.* (citing *Kontrick v. Ryan*, 540 U.S. 443, 446 (2004)).) Furthermore, Plaintiff asserts that, pursuant to "[h]undreds of federal courts' rulings invalidating actions of the state authorities[,]" this Court should find that Defendants' disciplinary action within "Colorado courts" constituted an "unlawful action under color of state law[.]" (*Id.* at 25.)

In response to Plaintiff's Objection, Defendants first argue that this Court should not review the Recommendation under a *de novo* standard of review because Plaintiff's objections are not sufficiently specific to preserve *de novo* review. (Doc. # 75 at 15, 15 n.4.) Next, Defendants contend that Plaintiff's general objection that this Court need not pay any credit to the Amended Opinion is contrary to well-established law" because it is "undisputed that federal courts accord preclusive effects to constitutional issues decided by state courts in subsequent federal actions." (*Id.* at 13–14.)

Plaintiff filed a Reply to Defendants' Response to his Objection. (Doc. # 76.) With respect to issue preclusion, Plaintiff rehashes an argument from his Response to Defendant's Motion to Dismiss (Doc. # 54 at ¶ 28) and asserts that the Hearing Board did not make "declarations of facts that Plaintiff is seeking for" in his Amended Complaint (Doc. # 76 at 14–15.) Plaintiff also renewed his contention that the OARC and PDJ lacked jurisdiction to discipline Plaintiff and such disciplinary action violated the Commerce Clause and Plaintiff's constitutional and statutory rights. (Doc ## 76 at 13–14, 54 at ¶ 28.) The Court considers these arguments in turn.

   *b.*  *Plaintiff Waived* De Novo *Review of the Recommendation*

As a threshold issue, Defendants argue that Plaintiff waived his right to *de novo* review because Plaintiff's objection to the Recommendation was too generalized to constitute a proper objection. (Doc. # 75 at 15.) Plaintiff did not address this argument. The Court agrees with Defendants.

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties'

dispute, [*Arn*, 474 U.S. at 147] and gives the district court an opportunity to 'correct any errors immediately[.]'" *One Parcel*, 73 F.3d at 1059 (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)). Indeed, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." *Id.* Thus, failure to file a "specific" objection will not "preserve an issue for de novo review by the district court or for appellate review." *Id.* at 1060.

In the instant case, Plaintiff's objections to the Recommendation as to issue preclusion are not sufficiently specific. Rather than alert this Court to the factual and legal issues at the heart of the Recommendation, Plaintiff's Objection is nothing more than a rehash of his arguments from his Response to the Motion to Dismiss[8] and unsupported legal argument that federal district courts need not pay attention to state court rulings when federal district courts may deem those decisions as incorrect. (Doc. # 70 at 24–25.) His objection is to the merits of the Hearing Board's Amended Opinion and his desire for this Court to overrule that opinion—not why the Magistrate Judge erred in ruling that issue preclusion should apply. That objection is insufficient to warrant *de novo* review. Thus, the Court applies the clearly erroneous standard to its review of the Recommendation regarding issue preclusion. *Concilio*, 2018 WL 3545306 at *6 n.1.

---

[8] Although Plaintiff reiterates his argument that the Hearing Board did not make declarations of fact and determinations of law that he now seeks in federal court in his reply brief (Doc. # 76 at 13–14), his argument is identical to the one he raised in response to Defendants' Motion to Dismiss (Doc. # 54 at ¶ 28). As such, the Court is still not convinced that this renewed argument directs this Court to a specific objection as to why the Magistrate Judge erred in her conclusion.

c. *Whether the Magistrate Judge's Conclusion that Issue Preclusion Applies Was Contrary to Law or Clearly Erroneous*

Under Colorado law, issue preclusion applies when (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the previous proceeding; (2) the party against whom estoppel is sought was a party to and was in privity with a party to the previous proceeding; (3) there was a final judgment on the merits in the previous proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the previous proceeding. *Kadingo*, 304 F. Supp. 3d at 1015 (citing *In re Water Rights of Elk Dance*, 139 P.3d at 667). The Court agrees with the Magistrate Judge that all four elements are present in this case.

As an initial matter, two elements of issue preclusion (two and three) are indisputably met. Plaintiff and Defendants are parties to both the Federal and State Disciplinary Actions, which resulted in a final decision on the merits. (Doc. # 69 at 34.) Therefore, Defendants have satisfied the second and third elements of issue preclusion.

i.      Element One

With respect to the first element of issue preclusion, the Court agrees with the Magistrate Judge that the Federal Action issues are identical to the issues "actually litigated and necessarily adjudicated" in the previous State Disciplinary Action. (Doc. # 69 at 34–35.) As the Magistrate Judge correctly cited, under Colorado law, whether an issue has been necessarily determined depends on whether the issue was (1) actually litigated and (2) was necessary to the judgment in the prior action. *Reynolds*, 2012 CO 27, ¶ 10 (citing *Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85–86 (Colo.

21

1999)). However, the Court first must determine whether the issues in the Federal Action are identical to the issues from the State Disciplinary Action. *Id.*

"An issue can be identical for issue preclusion purposes if either the facts or the legal matter raised is the same." *Young v. Industrial Claim Apps. Office*, 297 P.3d 964, 974, 2012 COA 85M, ¶ 54 (Colo. App. 2012) (citing *Carpenter v. Young*, 773 P.2d 561, 565 n.5 (Colo. 1989)). Indeed, even if a second action is brought on a **different** claim for relief from those litigated in the first action, issue preclusion still applies to preclude relitigation of the previous issue when the issue "involve[s] the same underlying factual issue." *Huffman*, 205 P.3d at 506–07 (citing Restatement (Second) of Judgments § 27 (1982)); *Young*, 2012 COA 85M, ¶ 54.

In the instant case, Plaintiff's claims involve the same factual and legal issues as those raised in the State Disciplinary Action. Plaintiff's Amended Complaint sets forth five claims that are predicated on the theory that the PDJ and OARC lacked jurisdiction to discipline Plaintiff and that such unauthorized disciplinary action violated the Commerce Clause (Doc. # 12 at ¶ 17), Plaintiff's due process rights under the Fourteenth Amendment (*id.* at ¶¶ 14–16), Plaintiff's First Amendment free speech rights (*id.* at ¶ 18), Plaintiff's Fifth Amendment right against self-incrimination (*id.* at ¶ 19), and Plaintiff's statutory rights under 42 U.S.C. § 1983 (*id.* at ¶¶ 20–21.) These claims are nothing new.

At almost every turn in the State Disciplinary Action, Plaintiff raised objections to the PDJ's and OARC's subject matter and personal jurisdiction over Plaintiff. (Doc. ## 14-1 at 1–14 (Motion to Dismiss); 52-5 at ¶ 8(1) (Hearing Brief); 52-2 at 3 (Hearing); 52-

6 at ¶¶ 29–69 (Post-Trial Motion); 52-4 at 23–28 (appellate brief).) Moreover, in his

Hearing Brief, Plaintiff argued that, because of the alleged jurisdictional deficiencies,

Defendants' disciplinary actions violated the Commerce Clause and his constitutional

and statutory rights. (Doc. # 52-2.) Specifically, Plaintiff wrote that Defendants'

disciplinary action violated:

> [Plaintiff's] right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Colorado, violate[d] the Interstate Commerce Clause of the United States Constitution, violate[d] the [Plaintiff's] rights under the First Amendment to the United States Constitution and the Constitution of the State of Colorado, violate[d] the [Plaintiff's] rights under the Fifth Amendment to the United States Constitution and the Constitution of the State of Colorado, [and violated] . . .  42 U.S.C. § 1983[.]

(*Id.* at 5–6.) The underlying factual and legal matters are identical regardless of whether

Plaintiff raised these issues as defenses in the State Disciplinary Action or as claims for

declaratory relief in this Federal Action. *See Huffman*, 205 P.3d at 506–07 (Doc. ## 12

(Amended Complaint); 52-5 (Hearing Brief).) Therefore, the Court agrees with

Magistrate Judge Wang that the issues to be precluded are identical to the issues

actually litigated in the State Disciplinary Action.

Furthermore, the Federal Action issues were necessary to the Hearing Board's

decision. An issue is "actually litigated" and "necessarily adjudicated" when the issue

was "properly raised, by the pleadings or otherwise, [] is submitted for determination," is

determined, and the determination of that issue was necessary to the judgment in the

prior action. *Blixseth v. Credit Suisse AG*, 129 F. Supp. 3d 1190, 1204 (D. Colo. 2015).

Moreover, even if an issue was not expressly determined, when determination of an

issue is "necessarily implied" in the actual judgment, for purposes of issue preclusion,

the issue is "nevertheless considered to have been 'actually determined.'" *Reynolds*,

2012 CO 27, ¶ 11. Additionally, a final judgment is one that "ends the particular action in

which it is entered, leaving nothing further for the court pronouncing it to do in order to

completely determine the rights of the parties involved in the proceeding." *Young*, 2012

COA 85M, ¶ 60 (quoting *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 571

(Colo. App. 2003)) (internal quotations omitted).

In the State Disciplinary Action, Plaintiff defended against the OARC disciplinary

proceedings by arguing that Defendants' disciplinary action was unauthorized and that

such unauthorized action constituted violations of the Commerce Clause and Plaintiff's

due process, constitutional, and statutory rights. (Doc. # 52-5.) The Hearing Board

rejected Plaintiff's argument and held that the PDJ and OARC had jurisdiction to

regulate Plaintiff's practice of law in Colorado based on allegations of professional

misconduct. (Doc. # 48-4 at 4.)[9] There is no question that the Hearing Board's

determination of jurisdiction was essential to its decision to discipline Plaintiff.

Moreover, the Hearing Board's decision on the jurisdiction issue impliedly

resolved the defenses set forth in Plaintiff's Hearing Brief that now appear as claims for

declaratory relief in the Federal Action. Indeed, Plaintiff's defenses during the State

Disciplinary Action were tethered to his jurisdiction argument—that the disciplinary

action violated the Commerce Clause and Plaintiff's due process, constitutional, and

statutory rights because the disciplinary action was unauthorized and beyond the

---

[9] The PDJ Order Denying Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction
(Doc. # 48-4) was incorporated into the Hearing Board's Amended Opinion (Doc. # 52-2 at 13).

jurisdiction of the Hearing Board in the first place. (Doc. # 52-5 at 4–5.) As a result of

the Hearing Board's rejection of Plaintiff's jurisdiction argument, the disciplinary action

was authorized and within the Hearing Board's jurisdiction. Therefore, the Hearing

Board's decision as to jurisdiction necessarily resolved Plaintiff's defenses to the extent

that the defenses hinged on a determination that the disciplinary action against Plaintiff

was unauthorized.

Setting the jurisdiction decision aside, a final decision as to Plaintiff's defenses

was reached. In the State Disciplinary Action, the Hearing Board recognized that

Plaintiff "raise[d] a number of constitutional and federal law defenses, namely alleged

violation of the right to due process under the federal and state constitutions, violation of

the Interstate Commerce Clause, violation of federal and state First Amendment rights,

violation of federal and state Fifth Amendment rights, violation of double jeopardy

protections, and violation of 42 U.S.C. § 1983." (Doc. # 52-5 at 13–14.) In conjunction

with noting Plaintiff's failure to explain the "factual or legal underpinnings of these

defenses" in either his briefing or at the Hearing, the Hearing Board analyzed these

defenses, determined that there was no merit to them, and, thus, rejected them. (*Id*.)

Importantly, when the Colorado Supreme Court affirmed the Amended Opinion, the

Hearing Board's decision became final. Therefore, the first element of issue preclusion

has been met.

ii.    Element Four

Finally, the Court concludes that the fourth element is also met—that is that

Plaintiff had a "full and fair opportunity to litigate the issues in the" State Disciplinary

Action. (Doc. # 69 at 34.) The Colorado Supreme Court has held that "factors determinative of whether a party has been given full and fair opportunity to litigate include whether the remedies and procedures in the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted, whether the party in privity to the first proceeding has sufficient incentive to vigorously assert or defend the position of the party against which collateral estoppel is asserted, and the extent to which the issues are identical." *In re Water Rights of Elk Dance*, 139 P.3d at 669 (citing *Bennett College v. United Bank of Denver, Nat'l Ass'n*, 799 P.2d 364, 369 (Colo. 1990)).

The Court agrees with Magistrate Judge Wang's conclusion that Plaintiff's active participation in the State Disciplinary Action evinces that he had a full and fair opportunity to litigate the Federal Action issues in the earlier proceeding. (Doc. # 69 at 34.) Indeed, as the Magistrate Judge observed, Plaintiff's participation included pretrial briefing (Doc. # 14-3), hearing briefing (Doc. # 52-5), the two-day Hearing (Doc. # 52-2), post-trial briefing (Doc. # 52-7), and his appeal before the Colorado Supreme Court (Doc. ## 52-4, 64-3). (Doc. # 69 at 7–9, 34.)

Moreover, the State Disciplinary Action and the Federal Action involve substantially similar proceedings. Both actions are subject to rules of civil procedure and rules of evidence governing discovery, motions practice, trial proceedings, and post-trial briefing. Colo. R. Civ. P. 251.18; Fed. R. Civ. P. 12, 26–37, 38–52, 54–60. Both actions also permit appellate review. Colo. R. Civ. P. 251.27(a); Fed. App. R. 3.

Furthermore, given the seriousness of the allegations, the stakes of disciplinary action, and the consequences resulting from the State Disciplinary Action, Plaintiff

incontrovertibly had "sufficient incentive to vigorously assert or defend" himself against the allegations brought by Defendants in the State Disciplinary Action. *In re Water Rights of Elk Dance*, 139 P.3d at 669. Finally, as demonstrated in the Court's analysis of the first element, the Court agrees with Magistrate Judge Wang that the issues to be precluded in this Federal Action are identical to those raised by Plaintiff in the State Disciplinary Action. (Doc. # 69 at 34–35.) Accordingly, the fourth element of issue preclusion has been met.

Having found that all four elements of issue preclusion have been met, the Courts holds that issue preclusion applies and bars the Federal Action. Therefore, Plaintiff's Amended Complaint is dismissed with prejudice.

3. <u>Whether Issue Preclusion Bars Plaintiff's Collateral Challenge of Subject Matter Jurisdiction</u>

The Court notes that Plaintiff repeatedly objects to the Recommendation on the grounds that the Magistrate Judge was incorrect in giving full faith and credit to the Hearing Board's determination that the OARC and PDJ had subject matter jurisdiction to discipline Plaintiff. Plaintiff argues that Supreme Court precedent supports his position that he may raise the issue of subject matter jurisdiction at any time[10] in the instant case. Plaintiff is incorrect.

---

[10] Plaintiff's reliance on the Supreme Court's *Kontrick v. Ryan* decision is misplaced. 540 U.S. 443, 446 (2004); (Doc. # 70 at 24.) The Supreme Court's *Kontrick* decision stands for the proposition that a "litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the **same civil action**[.]" 540 U.S. at 455 (emphasis added). However, this is not the same civil action. Plaintiff had the right and did exercise that right to object to subject matter jurisdiction throughout the State Disciplinary Action. Renewed challenges to whether the PDJ and Hearing Board had jurisdiction to discipline Plaintiff have no place before this Court.

The United States Supreme Court has held that a "party that has had an opportunity to litigate the question of subject-matter jurisdiction may not [] reopen that question in a collateral attack upon an adverse judgment." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The Supreme Court articulated that "[i]t has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Id.* The Colorado Supreme Court has incorporated the *Insurance Corporation of Ireland* decision into its issue preclusion jurisprudence and held that "the doctrine of issue preclusion bars [a party] from re-litigating the subject matter jurisdiction" of a prior court when the party had an opportunity to challenge subject matter jurisdiction during the prior action. *In re Water Rights of Elk Dance*, 139 P.3d at 670–71 (holding that doctrine of issue preclusion barred appellants from collaterally attacking subject matter jurisdiction of prior court in subsequent proceeding) (citing *O'Neill v. Simpson*, 958 P.2d 1121, 1123 (Colo. 1998)). Indeed, "[e]very court has authority to hear and decide the question of its own jurisdiction." *Id.* (citing *Keystone v. Flynn*, 769 P.2d 484, 488–89 n.6 (Colo. 1989)).

In the instant case, not only did Plaintiff have a full and fair opportunity to litigate the issues now before this Court, but Plaintiff also had the opportunity to and **did** challenge subject matter jurisdiction throughout the State Disciplinary Action. Specifically, Plaintiff raised the issues of subject matter and personal jurisdiction in his Motion to Dismiss (Doc. # 14-1 at 1–14), in his Hearing Brief (Doc. # 52-5 at ¶ 8 (1)), at the Disciplinary Hearing (Doc. # 52-2 at 3), in his Colorado Rule 59 Post-Trial Motion (Doc. # 52-6 at ¶¶ 29–69), and in his Opening Brief for his appeal to the Colorado

Supreme Court (Doc. # 52-4 at 23–28). At each turn, either the PDJ or the Hearing Board rejected Plaintiff's argument concerning subject matter and personal jurisdiction. The Court gives full faith and credit to those decisions. As such, when the Colorado Supreme Court affirmed the Amended Opinion, the judgment became final, and, under the doctrine of issue preclusion, Plaintiff is barred from relitigating the Hearing Board's determination of jurisdiction in this Court.

b.    **PLAINTIFF'S FOURTH MOTION FOR TRO IS MOOT**

On January 13, 2019, Plaintiff filed his fourth Motion for TRO (Doc. # 48). However, the basis for the relief that Plaintiff seeks in this Motion for TRO is identical to the basis underlying his Amended Complaint. (Doc. # 12.) In his fourth Motion for TRO, Plaintiff sought injunctive relief in the form of a stay of the Hearing Board's decision as to him and sanctions against Defendants arising out of the OARC, PDJ, and Hearing Board's alleged unauthorized disciplinary action against Plaintiff. (Doc. # 48 at 4–8.) Given the Court's decision to affirm and adopt the Recommendation on the grounds of issue preclusion and dismiss Plaintiff's Amended Complaint with prejudice, Plaintiff's fourth Motion for TRO is now moot. Accordingly, the Court DENIES Plaintiff's fourth motion for TRO as moot.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.  Plaintiff's Objection (Doc. # 70) to the Recommendation is OVERRULED;

2.  Magistrate Judge Nina Y. Wang's Recommendation (Doc. # 69) as to issue preclusion is AFFIRMED and ADOPTED as an Order of this Court;

3.  Pursuant to Rule 12(d), Defendants' Motion to Dismiss (Doc. # 52) is CONVERTED into a Motion for Summary Judgment;

4.  Defendants' Motion for Summary Judgment (Doc. # 52) is GRANTED;

5.  Plaintiff's Amended Complaint (Doc. # 12) is DISMISSED WITH PREJUDICE; and

6.  Plaintiff's Fourth Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Issued (Doc. # 48) is DENIED AS MOOT.

DATED:  September 18, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge