IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02039-CMA-NYW

YOURAS ZIANKOVICH,

    Plaintiff,

v.

BRYON M. LARGE, and
JESSICA E. YATES,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER

This matter is before the Court on Plaintiff Youras Ziankovich's Motion to Relieve Plaintiff from the Order Affirming and Adopting the Recommendation of United States Magistrate Judge and Denying as Moot Plaintiff's Fourth Preliminary Injunction Pursuant to Fed. R. Civ. P. 60(b) (Doc. # 79). Plaintiff's Motion has been fully briefed. (Doc. ## 80, 82.) Because neither Plaintiff's arguments nor the present circumstances convince this Court that relief from its previous Order is warranted, Plaintiff's Motion is denied.

## I.    BACKGROUND

The Magistrate Judge's Recommendation (Doc. # 69), this Court's Order Affirming and Adopting the October 5, 2017 Recommendation of United States Magistrate Judge (Doc. # 23), and this Court's Order Affirming and Adopting the May 31, 2019 Recommendation of United States Magistrate Judge ("Underlying Order")

(Doc. # 77) provide a thorough recitation of the factual and procedural background of this dispute and is incorporated herein by reference. Accordingly, this Order will reiterate only what is necessary to address the instant Motion.

This case arises out of the Office of Attorney Regulation Counsel's ("OARC") state attorney discipline action against Plaintiff, Case No. 17PDJ037 (the "State Disciplinary Action"). (Doc. ## 14; 64-4 at 1–13.) Throughout the State Disciplinary Action, Plaintiff raised several challenges with the Presiding Disciplinary Judge of the Supreme Court of Colorado ("PDJ"), Hearing Board, and the Colorado Supreme Court pertaining to his arguments that the OARC had no jurisdiction to discipline him, and that any such discipline constituted violations of procedural due process under the Fourteenth Amendment, the Commerce Clause, the First and Fifth Amendments under the United States Constitution, 42 U.S.C. § 1983, and the Colorado Constitution. (Doc. ## 14-1 at 1–14; 52-5 at 5–6; 52-2 at 3; 52-6 at ¶¶ 29–69; 52-4 at 23–28.) The PDJ, Hearing Board, and the Colorado Supreme Court rejected Plaintiff's arguments and determined that subject matter jurisdiction was proper, and that disciplining Plaintiff did not amount to any constitutional or statutory violation. (Doc. ## 52-2; 52-7; 52-3.)

During the pendency of the State Disciplinary Action, Plaintiff filed the instant action before this Court on August 24, 2017 ("Federal Action"). (Doc. # 1.) Plaintiff sought declaratory judgment that Defendants did not have jurisdiction to initiate the State Disciplinary Action against him because he has never been licensed to practice law by Colorado and does not practice before Colorado state courts or agencies; rather, he practices federal immigration law in the federal courts in Colorado. (*Id.*); *see also*

(Doc. # 14-1). After Plaintiff filed his first Motion for Temporary Restraining Order (Doc. # 5), Magistrate Judge Wang issued an Order to Show Cause as to the issue of whether this Court had subject matter jurisdiction over the matter. (Doc. # 11.) Plaintiff then filed his first Amended Complaint on September 10, 2017 (Doc. # 12), in which he invoked the Court's federal question jurisdiction under 28 U.S.C. § 1331 and asserted claims against Defendants pursuant to 42 U.S.C. § 1983 for violations of his First, Fifth, and Fourteenth Amendment rights, as well as a claim for violations of the Commerce Clause. (*Id.*) When Magistrate Judge Wang determined that Plaintiff's First TRO was mooted based on the Amended Complaint, Plaintiff filed a second Motion for TRO, which was identical to his first motion. (Doc. # 14.) At that time, because the State Disciplinary Action was still pending and for the reasons set forth in the Court's Order adopting Magistrate Judge Wang's October 5, 2017 Recommendation (Doc. # 23), the Court dismissed Plaintiff's case without prejudice pursuant to abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.*)

On January 8, 2018, Plaintiff appealed the Court's dismissal to the United States Court of Appeals for the Tenth Circuit. (Doc. # 30.) On December 26, 2018, the Tenth Circuit reversed and remanded the Court's dismissal based on the *Younger* abstention doctrine because the State Disciplinary Action had concluded during the pendency of the appeal. (Doc. # 36.) The Tenth Circuit "stress[ed] that [it] express[ed] no opinion on the merits of Plaintiff's claim." (*Id.* at 4.)

On February 6, 2019, Defendants filed their Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). (Doc. # 52.) Pertinent to the instant Motion, Defendants contended that

doctrines of issue and claim preclusion barred Plaintiff's Federal Action. (*Id.* at 13–15.) Upon review of Magistrate Judge Wang's May 31, 2019 Recommendation, the Court agreed that the Motion to Dismiss should be converted to a Motion for Summary Judgment and that the Colorado Supreme Court decision affirming the Hearing Board's Amended Opinion barred Plaintiff's Federal Action under the doctrine of issue preclusion. (Doc. # 77). As such, the Court entered summary judgment against Plaintiff and dismissed his case. (Doc. ## 77 at 30; 78.)

On September 20, 2019, Plaintiff filed the instant Motion pursuant to Federal Rule of Civil Procedure 60(b) and seeks relief from the Underlying Order. (Doc. # 79 at 1.) Plaintiff argues that the Court made "several law findings, which are not supported by statute or case law, or reasonable analysis of law," and that such errors require relief from the Underlying Order. (*Id.* at 5.) In other words, Plaintiff asserts that the Court made "mistakes" of law and fact under Rule 60(b)(1). On October 11, 2019, Defendants responded and contend that the Court did not err. (Doc. # 80.) Plaintiff replied on October 17, 2019. (Doc. # 83.) The Court considers each alleged mistake in turn.

## II.     LEGAL STANDARD

Plaintiff moves for relief from the Underlying Order pursuant to Rule 60(b). (Doc. # 79 at 1.) Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment. *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991). These six grounds are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III. DISCUSSION

Plaintiff argues that the Underlying Order was clearly erroneous as to several points, and as such, the Court should reconsider its Order and vacate it under Rule 60(b). (Doc. # 79 at 5–11.) For the reasons set forth below, the Court disagrees. It did not err in its determination that the Hearing Board and Colorado Supreme Court's decisions operate as a bar on Plaintiff's Federal Action under the doctrine of issue preclusion. (Doc. # 77 at 13–30.)

### A. ALLEGED MISTAKE OF REFERENCE COLO. R. CIV. P. 8.5

Plaintiff first argues that the Court erred in citing Colorado Rule of Civil Procedure 8.5 for the proposition that the "OARC's regulatory jurisdiction includes attorneys licensed to practice in Colorado, as well as attorneys licensed by other states who practice before federal courts and regulatory agencies in Colorado." (Doc. # 77 at 2; Doc. # 79 at 5.) Plaintiff further asserts that, even if the Court meant to cite Colorado

5

Rule of Professional Conduct 8.5, this rule does not support that proposition. (Doc. # 79 at 5–7.)

As Plaintiff correctly points out, the Court inadvertently cited Colorado Rule of Civil Procedure 8.5 when it meant to cite Colorado Rule of Professional Conduct 8.5. (Doc. # 79 at 5). However, the Court disagrees with Plaintiff as to his latter point; both Colorado Rule of Professional Conduct 8.5 and Colorado Rule of Civil Procedure 251.1(b) support the proposition that the OARC has jurisdiction to discipline Plaintiff. Colorado Rule of Professional Conduct 8.5(a) provides that a "lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide **any** legal services **in this jurisdiction**." Colo. R.P.C. 8.5(a) (emphases added). Additionally, Colorado Rule of Civil Procedure 251.1(b) provides that "[e]very attorney practicing law in this state pursuant to C.R.C.P. 204 or 205 is subject to the disciplinary and disability jurisdiction of the Supreme Court when practicing law pursuant to such rules." Indeed, Colorado Rule of Civil Procedure 205.1 contemplates that out-of-state attorneys practicing law in Colorado may be subject to the disciplinary jurisdiction of the Colorado Supreme Court. Colo. R. Civ. P. 205.1(1)–(3). The Hearing Board and the Colorado Supreme Court agreed that the OARC and PDJ had jurisdiction to regulate Plaintiff's practice of law in Colorado.[1] *See* (Doc. # 77 at 24 (citing Doc. ## 52-2 at 13; 48-4)); (Doc. # 52-3). Accordingly, the Court finds that it

---

[1] In the Hearing Board's Amended Opinion, it incorporated the PDJ's Order denying Plaintiff's Motion to Dismiss for lack of jurisdiction and held that the PDJ and OARC had jurisdiction to regulate Plaintiff's practice of law in Colorado. (Doc. # 77 at 24 (citing Doc. ## 52-2 at 13; 48-4).) The Colorado Supreme Court affirmed the Amended Opinion. (Doc. # 52-3.)

committed no error with respect to relying on the Colorado Rules of Professional Conduct and Colorado Rules of Civil Procedure for determining that the OARC's regulatory jurisdiction includes attorneys licensed by other states who practice before federal courts and regulatory agencies in Colorado.

**B.     ALLEGED ERROR REGARDING DISCIPLINARY ALLEGATIONS**

Plaintiff next argues that the Court's statement that the "OARC alleged that Plaintiff had failed to adequately communicate with clients" was incorrect and "demonstrates this Court's prejudice against Plaintiff and his legal position, because [M]agistrate [Judge] Wang and [J]udge Arguello both believe that Plaintiff is [an] unethical attorney, who disrespects the rules of the profession, without having basis for such conclusion." (Doc. # 79 at 7–8.) To that end, Plaintiff invites the Court to reconsider its Order from a "more fair point of view." (*Id.*) The Court declines.

As a preliminary matter, the Court's statement is correct. Although the Court did not assess the merits of the professional misconduct allegations, it wrote merely that the OARC alleged in the State Disciplinary Action that Plaintiff "had failed to adequately communicate with clients[.]" (Doc. # 77 at 3 n.2 (citing Doc. # 14-2).) This statement is true. In the OARC's Complaint against Plaintiff, dated May 26, 2017, the OARC asserted a claim as to inadequate communication under Colorado Rule of Professional Conduct 1.4(b). (Doc. # 14-2 at 9, ¶¶ 96–98.) Furthermore, because the Court never considered the merits of the disciplinary allegations against Plaintiff, including whether he adequately failed to communicate, the Court never relied upon those allegations in

7

support of its Order. Accordingly, Plaintiff's contention fails to constitute grounds for relief under Rule 60(b).

**C.    WHETHER THE COURT ERRONEOUSLY APPLIED THE *UTAH CONSTRUCTION* TEST**

Plaintiff further avers that the Court erroneously applied the United States Supreme Court's *Utah Construction* test to the instant action. (Doc. # 79 at 8–9.) Specifically, Plaintiff posits that relief from the Underlying Order is warranted because the Court erred by failing to determine that the OARC, Hearing Board, and PDJ had jurisdiction to discipline Plaintiff. (*Id.* at 8 (quoting David A. Brown, Collateral Estoppel Effects of Administrative Agency Determinations: Where Should Federal Courts Draw the Line, 73 Cornell L. Rev. 817, 828 (1988)).) As such, Plaintiff rehashes his argument that the OARC did not have jurisdiction to initiate disciplinary proceedings against Plaintiff. Again, his argument is rejected.

The Court refuses to substitute its reliance on the text of the Tenth Circuit's decision incorporating the Supreme Court's *Utah Construction* test and its progeny with Plaintiff's reliance on a law review article. The Tenth Circuit's *Salguero v. City of Clovis* decision recites unequivocally the elements of the *Utah Construction* test:

> Thus, when a state agency (1) acts in "a judicial capacity"; (2) resolves "disputed issues of fact properly before it", and (3) the parties have had "an adequate opportunity to litigate" the issue, we will grant the state agency's decision preclusive effect to the extent that it would have received preclusive effect in state court.

366 F.3d at 1173 (quoting *Univ. of Tenn. v. Elliot*, 478 U.S. 788, 798 (1986) (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 421–22 (1966))).) Therefore, in contravention of Plaintiff's point, the *Utah Construction* test does not require this

8

Court to first determine "whether the agency has jurisdiction to resolve the issue." (Doc. # 79 at 8.)[2] Accordingly, because the Court did not erroneously apply the *Utah Construction* test, relief under Rule 60(b) is unwarranted.

**D.  WHETHER ISSUE PRECLUSION BARS RELITIGATING FINDINGS OF LAW**

Finally, Plaintiff asserts murkily that the State Disciplinary Action, even if it satisfied the *Utah Construction* test, "do[es] not create *res judicata*, but collateral estoppel[,]" and as such, Plaintiff is not barred from re-litigating findings of law. (Doc. # 79 at 9–10.) He contends that the Court erred by determining that "the decision of the Hearing Board an/or PDJ creates *res judicata* as to the issue of jurisdiction, and due to that, Plaintiff is precluded to re-litigate [the] previously decided finding that the state agency possesses [] appropriate subject matter jurisdiction." (*Id.* at 10.) Plaintiff is incorrect and misconstrues the Underlying Order.

This Court never concluded that it applied the doctrine of res judicata as to the Hearing Board's determination of subject matter jurisdiction to the instant action. To the contrary, this Court explicitly held that "when the Colorado Supreme Court affirmed the Amended Opinion, the judgment became final, and, **under the doctrine of issue preclusion**, Plaintiff is barred from relitigating the Hearing Board's determination of jurisdiction in this Court." (Doc. # 77 at 29 (emphasis added).) Indeed, this Court articulated that the Colorado Supreme Court extended the United States Supreme

---

[2] Nonetheless, as Defendants correctly stated (Doc. # 80 at 6), embedded in the Court's analysis of the first element of the *Elliot* test, this Court determined that the PDJ and Hearing Board were authorized to act, and did act, in a judicial capacity. As mentioned above and in the Underlying Order, the Colorado Rules of Civil Procedure and the Colorado Rules of Professional Conduct authorize the OARC to discipline Plaintiff, an attorney not admitted in this jurisdiction who provides legal services to clients in this jurisdiction. Colo. R.P.C. 8.5(a); (Doc. # 77 at 2, 16).

9

Court's application of res judicata principles on the question of subject matter jurisdiction to its own issue preclusion jurisprudence on the question of subject matter jurisdiction. (*Id.* at 22.)

Next, Plaintiff's misplaces his reliance on the United States Court of Appeals for the Fifth Circuit's *N.L.R.B. v. Markle Mfg. Co.* decision for the proposition that collateral estoppel "is not normally applied to conclusions of law made by administrative agencies[.]" (Doc. # 79 at 10 (quoting *N.L.R.B. v. Markle Mfg. Co.*, 623 F.2d 1122, 1126 (5th Cir. 1980)).) That decision is not binding on this Court. Instead, this Court properly relied upon the Tenth Circuit's *Salguero v. City of Clovis* decision for the propositions that (1) "[f]ederal courts grant preclusive effect to a state court judgment under the preclusion doctrines of the state where the agency sits" and (2) that as long as the state agency decision meets the *Elliot* test, federal courts "will grant the state agency's preclusive effect to the extent that it would have received preclusive effect in state court." (Doc. # 77 at 14–15 (citing *Salguero*, 366 F.3d at 1173).) Neither Plaintiff's argument nor his reliance on Fifth Circuit precedent dispels the Court's reasoning. The Underlying Order provides a sufficient basis for establishing that the State Disciplinary Action meets the *Elliot* test, and as such, under Colorado issue preclusion law, the Hearing Board's Amended Opinion, as affirmed by the Colorado Supreme Court, bars Plaintiff's Federal Action, including the relitigating of subject matter jurisdiction. (Doc. # 77 at 16–29.) Plaintiff's disagreement with the Underlying Order neither establishes that the Order was erroneous, nor does it warrant relief under Rule 60(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Youras Ziankovich's Motion to Relieve Plaintiff from the Order Affirming and Adopting the Recommendation of United States Magistrate Judge and Denying as Moot Plaintiff's Fourth Preliminary Injunction Pursuant to Fed. R. Civ. P. 60(b) (Doc. # 79) is DENIED.

DATED: January 31, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge